CHARLES H. BAILEY, Appellant, v. WILLIAM McCULLY,
Respondent.

St. Louis Court of Appeals, January 17, 1888.

PRACTICE—RECOVERY MUST BE FOR WRONG COMPLAINED OF.—Where a
plaintiff sues for commissions earned by him in effecting a sale of
the defendant's property, he cannot recover for an alleged wrong
committed by the defendant, in causing the sale to be effected by
another person, without the plaintiff's knowledge.

APPEAL from the St. Louis Circuit Court, HON.
DANIEL DILLON, Judge.

*Affirmed.*

DAVIS & DAVIS, for the appellant: The trial court
declares (under instruction number one given for plain-
tiff) " that if the defendant, by his silence, induced
plaintiff to believe that plaintiff was negotiating a
sale to Broderick & Bascome Rope Company, and said
real estate was sold to said company, then the plaintiff
is entitled to recover." We maintain that not only the
weight of evidence, but all the evidence shows that
plaintiff was induced to undertake the sale of the real
estate in question, under the assurance that he should
have the entire disposal of it.

TORREY & GIVAN, for the respondent: A real-
estate agent is not entitled to commissions on the sum
realized from a sale of real estate unless he was the
procuring cause of or made such sale. *Bailey v. Chap-
man*, 41 Mo. 536 ; *Bell v. Kaiser*, 50 Mo. 150 ; *Tyler v.
Parr*, 52 Mo. 249 ; *Carpenter v. Rynders*, 52 Mo. 278 ;
*Timberman v. Craddock*, 70 Mo. 638 ; *Beauchamp v.
Higgins*, 20 Mo. App. 514 ; *Hayden v. Grills*, 26 Mo.
App. 289.

THOMPSON, J., delivered the opinion of the court.

This action was brought by a real-estate broker to recover his commissions for effecting a sale of a piece of real estate owned by the defendant, at the defendant's instance and request.   The grounds on which a recovery is demanded are thus stated in the petition:  "Plaintiff further states that, by reason of his efforts in defendant's behalf, the said real estate was sold to said Broderick & Bascome Rope Company for the sum of sixty-eight hundred and seventy-five dollars."

The evidence showed that, in February, 1886, the defendant, being the owner of the real estate spoken of, employed Messrs. Groether & Boeck, a firm of real-estate brokers, to endeavor to effect for him a sale of the same ; that, some time in the following month, he employed the plaintiff for the same purpose, but without informing him of his previous employment of Groether & Boeck ; that both Groether & Boeck and the plaintiff made exertions to effect a sale of the property ; that Groether & Boeck began negotiations to that end with the Broderick & Bascome Rope Company, and that soon after similar negotiations were begun by the plaintiff with the same company—the plaintiff not knowing of the negotiations commenced by Groether & Boeck ; that these negotiations were continued, both by the plaintiff and by Groether & Boeck, with the knowledge of the defendant, but that the defendant failed to inform the plaintiff that Groether & Boeck were making efforts to sell the property to the Rope Company, although he had opportunity so to do ; and that the sale of the property was finally effected to the Rope Company through the exertions of Groether & Boeck, to whom the defendant paid the commissions before they had been demanded of him by the plaintiff.·

The case was tried by the court sitting as a jury, and a series of instructions was given to the general effect that, if the sale was brought about in consequence of the exertions of the plaintiff, he was entitled to

recover his commissions; otherwise not. It is unnecessary to set out these instructions, because they are not complained of. The court rendered a verdict and judgment for the defendant.

At the request of the plaintiff the court gave the following instruction :

"The court declares the law to be that if the defendant, by his silence, induced plaintiff to believe that plaintiff was negotiating a sale of the real estate in question to Broderick & Bascome Rope Company, and said real estate was sold to said company, then the plaintiff is entitled to recover."

.The sole error assigned on this appeal is, that, under this instruction, the court should have found for the plaintiff.

This assignment of error is untenable, because the instruction was not properly given. The plaintiff does not sue for the wrong done him by the defendant in allowing him to make exertions toward effecting a sale of this property, knowing that other agents were making the same exertions and with the same party, and without informing the plaintiff of that fact; but the ground on which the plaintiff bases his right of recovery, as shown by the portion of his petition above set out, is that, the sale of the property was brought about by his exertions. In this state of the pleadings, to allow him to recover, although the sale was brought about by the exertions of Groether & Boeck, on the hypothesis assumed in the above instruction, would be to allow him to sue upon an express contract and to recover for a tort, assuming it to have been such. This cannot be done.

With the concurrence of all the judges, the judgment is affirmed.